IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| OSCAR TREVINO,<br>*Plaintiff*, | § § § | |
| v. | § | 7:23-cv-125 |
| CITY OF EDINBURG, TEXAS<br>*Defendant*. | § § § § | JURY DEMANDED |

### Plaintiffs' Original Complaint

COMES NOW, Plaintiff, OSCAR TREVINO, and brings this action against Defendant, CITY OF EDINBURG, TEXAS, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), pursuant to 42 U.S.C. §2000e, *et seq*., and would show this Court as follows:

### Parties

1. Plaintiff, OSCAR TREVINO (hereafter "Trevino"), is an individual citizen and resident of Hidalgo County, Texas.

2. Defendant, CITY OF EDINBURG, TEXAS (hereafter "the City"), is a city located in Hidalgo County, Texas, service of process may be obtained my serving the mayor, Ramiro Garza, Jr., at 415 W. University Drive, Edinburg, TX 78539 under the authority of Texas Civil Practices and Remedies Code Section 17.024(b).

### Jurisdiction and Venue

3. Pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. §2000e-5(f)(3), this Court has jurisdiction over this matter. Pursuant to 28 U.S.C. 1391(b)(2) and 42 U.S.C. §2000e-5(f)(3), this matter is brought in the proper venue.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Trevino timely filed a charge of discrimination against the City with the Equal Employment Opportunity Commission ("EEOC").  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the Trevino's charge of discrimination.[1]  Trevino files this complaint within ninety (90) days after receiving a notice of the right to sue from the EEOC.[2]

STATEMENT OF FACTS

5.      Trevino is a loyal, hardworking, and highly qualified City employee who has been with Edinburg Police Department (hereafter the "EPD" or "Department") for over thirty (30) years.

6.      On November 3, 2015, the City's commissioners deliberated over filling the vacant Chief of Police position with then-EPD lieutenant Trevino or then-EPD lieutenant, David White (hereafter "White").  In the end, the City's commissioners named White as the Chief of Police on the condition that he would assign Trevino as one of his Assistant Chiefs.  Later that same day, Trevino was assigned as one the of the Department's Assistant Chiefs.

7.      Then after, White regularly made ageist comments about Trevino and the other Assistant Chief, Peter De La Garza.  Trevino, De La Garza, and other colleagues heard White's ageist comments.  Throughout the course of his time as Assistant Chief, White repeatedly pressured by Trevino to retire by saying things like "you and [De La Garza] are up there in age and not young bucks anymore" and "the young officers' main gripe that I hear is that they can't move up or promote until the old guys leave or die."

8.      In November of 2017, in another effort to pressure Trevino into retiring, White called Trevino into his office and assigned him to uniform duty and working the City's Elections

---

[1] See "Conciliation Failure and Notice of Rights" attached hereto as **Exhibit "1."**
[2] *Id.*

Polling location.  This assignment consisted of conducting uniformed security in an outdoor setting for a period of two (2) weeks from 7:00 a.m. to 7:00 p.m.  It was unheard of for an Assistant Chief to be assigned to such a low-level task.  Moreover, an Assistant Chief had never been assigned the role before and none had been assigned so after.

9. When Trevino did not retire, White continued his pattern of discrimination by excluding Trevino from conversations he had with the Department's administration and failing to give him notices regarding the Department's operations. White also had Trevino removed from the City Director's email list.

10. On November 18, 2017, Trevino's thirtieth (30th) anniversary with the Department, White summoned Trevino into his office and reassigned him to the Uniform Patrol Division ("Patrol") working the graveyard shift, weekends, and holidays as well.  These working conditions had never been imposed on an Assistant Chief of the Department.  Having an Assistant Chief responding to calls for service is unheard of, especially when assigned to a graveyard shift.  White advised Trevino that the reassignment was done so to allow him the ability to 'keep an eye on patrol sergeants,' something not in-line with Department protocol.

11. When Trevino brought up the fact that the Night Commander was responsible for the patrol sergeants, White responded sarcastically that Trevino "can keep an eye on the Night Commander." Despite the apprehension in the new assignment, Trevino continued to perform his assigned duties diligently and without complaint from December 2017 to early January 2018. However, due to his reassignment to Patrol's graveyard shift, Trevino had to miss the City's Christmas Party where he was scheduled to receive an award and be honored in commemoration of his thirty (30) years of outstanding service to the Department.  Trevino asserts that this was an intended consequence of White's decision to reassign him to Patrol's graveyard shift.

12. In early January 2018, Trevino was summoned to White's office. Once in White's office, White was visibly angry and said that he was returning Trevino from Patrol and back to his Administrative Duties. White stated that he had received a complaint from the City Manager about an Assistant Chief working Patrol Duties at night. White told Trevino that his "bitching" about the assignment to Patrol's graveyard shift got to the City Manager. Trevino responded that he had not complained to anyone about the assignment but did say that he had been questioned by several members of the Department as to why an Assistant Chief was on Patrol, especially during graveyard shifts and that those who had inquired also commented that an Assistant Chief on Patrol's graveyard shift was "ridiculous and unheard of."

13. In March 2018, White again assigned Trevino to work uniform patrol duties at the early voting Election Polling Location. Trevino again complied with his assignment for two (2) weeks from 7:00 a.m. to 7:00 p.m.

14. Also in March 2018, Trevino requested, and was granted, sick leave for an injury he sustained to his back. Upon return, Trevino divulged to Chief White that he suspected he had injured himself while lifting a barbeque pit. White responded to Trevino by telling him, in a serious manner, that it was Trevino's age that was the cause of his injury and not the barbeque pit. In disbelief, Trevino responded "no, it was the barbeque pit," to which White responded by saying, "no, it's your age, you're old, face it."

15. On March 16, 2018, White tendered a Notice of Non-Disciplinary Reduction in Classification to Trevino, advising Trevino that he had been reassigned from Assistant Chief to Lieutenant and provided no factual basis or cause for the reassignment. Up to that moment, Trevino had never been disciplined in his career. Trevino attempted to confer with White and

asked at least three (3) times for the reason for the reassignment. Each time, White responded with "sue me" and further stated that the decision was 'his and no one else's.'

16. Upon leaving Chief White's office, Trevino noticed that his reassignment had already been posted for his colleagues and peers to see. This caused Trevino to feel professionally humiliated and personally discredited in front of his peers.

17. On the same day, March 16, 2018, Trevino was replaced by his subordinate, Lieutenant Garcia, who had approximately two (2) years of experience as a lieutenant and no experience as an administrator. Lieutenant Garcia was the youngest lieutenant in the Department at the time with less than half the tenure and experience that Trevino had. Additionally, Lieutenant Garcia's promotion puzzled and upset other senior lieutenants, who had substantially more tenure and experience, and they were asking how and why the junior lieutenant was promoted.

18. On March 23, 2018, Trevino filed a Notice of Appeal with the Human Resources Director of the Civil Service Commission for The City of Edinburg, Texas.

19. On April 10, 2018, Chief White issued a letter to Trevino acknowledging receipt of Trevino's complaint of age discrimination, and upholding Trevino's reassignment.

20. On June 11, 2018, the City executed an agreement of the parties whereby it acknowledged that Trevino had exhausted all of the City's administrative remedies.

21. On September 11, 2018, Trevino filed a Complaint of Age Discrimination with the U.S. Equal Opportunity Commission, Charge 451-2018-03911.

22. On September 12, 2022, Norma J. Guzman, Field Director for the EEOC, issued a Letter of Determination wherein it was determined that Trevino was "reassigned and demoted due to his age." The Letter of Determination specifically noted that the City of Edinburg Texas Police Department "could not articulate nor support a legitimate non-discriminatory reason for its

decision to demote the Charging Party from his position as Assistant Chief to Lieutenant." The Letter of Determination also stated that the City could not produce any evidence to support its contention that Trevino was "demoted due to performance issues and because of his inability to effectively supervise and motivate personnel."

23. Additionally, evidence obtained during the EEOC investigation corroborated multiple ageist comments made by White, that supported Trevino's position that his "age was a motivating factor" in White's decision to reassign Trevino from Assistant Chief to his previous position of Lieutenant. Furthermore, the Letter of Determination states that the reasons for the reassignment were "pretextual to mask its [the City's] discriminatory employment decisions." Upon the finding that violations had occurred, EEOC invited all parties to enter into Conciliation discussions. The parties agreed to enter Conciliation.

24. On February 10, 2023, the Conciliation conference was held virtually between Trevino, the City, and an EEOC Federal Investigator. The parties did not reach an agreement.

25. On February 22, 2023, the EEOC issued a Conciliation Failure and Notice of Rights correspondence to all parties advising Trevino that he had ninety (90) days from the receipt of the notice to file suit.

26. Trevino asserts that he was reassigned from Assistant Chief to Lieutenant because of his age. A younger, less qualified, and less experienced employee replaced Trevino in his duties as Assistant Chief. Trevino denies that the City had cause to reassign his position. Trevino asserts that the City has engaged in a pattern and practice of treating younger employees differently than older employees. Trevino believes that any reason or reasons for reassigning his position are pretextual and false. The City's malintent to discriminate and humiliate is demonstrated by its decision to publicly post Trevino's reassignment prior to him receiving his notice of

reassignment. Any assertion made by the City of Edinburg, Texas, that it had cause to reassign Trevino's employment is merely a pretext for discrimination because such an allegation is completely without merit and because at no time during any stage of employment appeal/grievance process was Trevino ever notified of what he was alleged to have done or failed to do.

## CAUSES OF ACTION

### COUNT 1: DISCRIMINATION UNDER TITLE VII

27. Trevino re-alleges and here incorporates the allegations contained in the section titled "Statement of Facts," above.

28. Trevino was an employee within the meaning of Title VII and belongs to a protected class based on age.

29. The City of Edinburg, Texas is an employer within the meaning of Title VII.

30. Trevino's was reassigned from his classification of Assistant Chief to Lieutenant.

31. Trevino was qualified for the position of Assistant Chief.

32. Trevino was within the protected class of age at the time of his reassignment.

33. Trevino was reassigned to Lieutenant because of his age.

## COMPENSATORY DAMAGES

34. As a direct and proximate result of the City's conduct, Trevino suffered the following injuries and damages:

   a. Compensatory damages;

   b. The wages, salary, profits, and earning capacity that plaintiffs lost and the present value of the wages, salary, profits, and earning capacity that Trevino is reasonably certain to lose in the future because of the City's actions;

   c. The mental/emotional pain and suffering that Trevino has experienced and is reasonably certain to experience in the future;

    d. Back pay and front pay; and

    e. Nominal damages.

## ATTORNEY FEES

35. Pursuant to 42 U.S.C. §2000e-5(k), Trevino is entitled to an award to attorney's fees and costs.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, OSCAR TREVINO, prays that Defendant, CITY OF EDINBURG, TEXAS be cited to appear, and after trial on the merits, judgment be rendered against Defendant CITY OF EDINBURG, TEXAS, and for OSCAR TREVINO to be awarded:

- compensatory damages;
- back pay and front pay;
- all reasonable and necessary attorney's fees, court costs and expenses in regard to the present suit in litigation; and
- any and all other general relief or specific relief to which he proves himself entitled.

Respectfully submitted,

By: /s/ David Willis_____
David Willis
State Bar No. 24039455
Federal ID. 36365
Email: dwillis@davidwillispc.com
1534 E. 6th Street, Suite 201
Brownsville, Texas 78520
Ph:   956-986-2525
Fax:   956-986-2528

OF COUNSEL
David Willis, P.C.

ATTORNEY IN CHARGE FOR
Plaintiff, OSCAR TREVINO.